DA 11-0043

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 225N

REAL ESTATE MANAGEMENT GROUP,

      Plaintiff and Appellee,

  v.

HAMED CHOWDHURY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-10-1652
                  Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Hamed Chowdhury (Self-Represented), Missoula, Montana

      For Appellee:

          Thomas C. Orr, P. Mars Scott Law Offices, P.C., Missoula, Montana

Submitted on Briefs:  August 17, 2011

Decided:  September 13, 2011

Filed:

_____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Hamed Chowdhury appeals from the Findings of Fact, Conclusions of Law and Judgment entered by the Fourth Judicial District Court, Missoula County, on January 24, 2011, following a bench trial. Judgment was entered in favor of Plaintiff and Appellee Real Estate Management Group (REMG). The District Court ordered that the parties' rental agreement was terminated, that REMG was restored possession of the subject premises, and that Chowdhury owed the sum of $4,303.69 to REMG for back rent, attorney fees, and other charges and costs. The proceeding in the District Court was a trial de novo following Chowdhury's appeal from an adverse judgment entered following trial by the Missoula County Justice Court.

¶3 The District Court found that Chowdhury was continuing to live in the dwelling, that he had not paid rent since November 2010, and that he had acknowledged the failure to pay rent. Based on this uncontroverted violation of § 70-24-422(2), MCA, the court deemed it unnecessary to address additional violations of the rental agreement. Chowdhury challenges the basis for the District Court's decision and its failure to address other matters, which Chowdhury claimed to be the actual reason for his eviction. REMG

2

responds that Chowdhury has provided an insufficient record to enable this Court to review his assertions, that Chowdhury failed to object to the errors he now alleges, and that the defects in his briefing warrant dismissal of the appeal. We further note that Chowdhury's briefing is supported with little or no citation to authority. REMG asks that we grant attorney fees incurred in defending the appeal, pursuant to § 70-24-442, MCA.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and record on appeal, we conclude that Chowdhury has not met his burden of demonstrating error requiring reversal. Chowdhury had the opportunity to raise the issues of concern to him in a trial in the Justice Court and in a trial de novo in the District Court. Chowdhury then filed a poorly supported appeal to this Court, which REMG was required to defend. REMG is awarded "reasonable attorney fees" on appeal, as provided in § 70-24-442, MCA. We remand the matter to the District Court for a determination of the amount of attorney fees.

¶5 Affirmed and remanded.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT

3